**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

NOV 20 2018

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

JONATHAN BERTELSEN,

          Plaintiff-Appellant,

  v.

CITIMORTGAGE, INC., *et al*.,

          Defendant-Appellee.

Nos.  17-35362, 17-35687

D.C. No. 2:16-cv-00002-JCL

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Montana
Jeremiah C. Lynch, Magistrate Judge, Presiding

Argued and Submitted November 8, 2018
Portland, Oregon

Before:  TALLMAN, IKUTA, Circuit Judges, and BOUGH,[**] District Judge.

Jonathan Bertelsen brought this action against CitiMortgage, Inc. ("Citi")

alleging, among other things, (1) a violation of the Montana Consumer Protection

Act (the "MCPA"), (2) negligence, and (3) constructive fraud. He also seeks an

injunction to stop a nonjudicial foreclosure sale on his property in Bozeman,

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The Honorable Stephen R. Bough, United States District Judge for the Western District of Missouri, sitting by designation.

Montana, and a declaration that all future foreclosure sales of the property are void. Bertelsen appeals district court orders granting dismissal of the negligence and MCPA claims under Federal Rule of Civil Procedure 12(b)(6), granting summary judgment on the constructive fraud claim, denying reconsideration of the MCPA claim, and awarding Citi attorneys' fees.

We have jurisdiction under 28 U.S.C. § 1291. We review de novo the Rule 12(b)(6) dismissal and grant of summary judgment. *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1030 (9th Cir. 2008) (Rule 12(b)(6) review standard); *Suzuki Motor Corp. v. Consumers Union of U.S., Inc.*, 330 F.3d 1110, 1131 (9th Cir. 2003) (summary judgment review standard). We review for abuse of discretion the denial of a motion for reconsideration and the attorneys' fees award. *Carroll v. Nakatani*, 342 F.3d 934, 940, 945 (9th Cir. 2003) (reconsideration review standard); *Rodriguez v. McGuire Woods LLP*, 688 F.3d 645, 653 (9th Cir. 2012) (fee award review standard). We affirm.

The district court did not err in dismissing the MCPA and negligence claims under Rule 12(b)(6). The Montana Supreme Court's decision in *Anderson v. ReconTrust Co., N.A.*, controls both claims. 407 P.3d 692, 700 (Mont. 2017) (upholding a district court's dismissal of both MCPA and negligence claims in a foreclosure case). The complaint lacks allegations that Citi advised Bertelsen to default or otherwise conduct his affairs to his detriment. Therefore, the negligence

2

claim fails because he did not allege facts giving rise to a fiduciary duty under Montana law. *See Anderson*, 407 P.3d at 698–99 (holding that the complaint did not allege a fiduciary duty to sustain a negligence claim because it "did not allege or imply that [the lender] advised or otherwise induced [the borrowers] to default on their mortgage"); *see also Morrow v. Bank of America, N.A.*, 324 P.3d 1167, 1180–81 (Mont. 2014) ("If the borrower has not been advised by the bank or has not relied on that advice, no fiduciary relationship exists.").

Moreover, Bertelsen failed to sufficiently allege an "ascertainable loss" resulting from Citi's conduct under Montana Code § 30-14-133.[1] *See Anderson*, 407 P.3d at 700. The alleged damages even arguably caused by Citi's conduct are either insufficiently vague ("lost time and income") or *de minimis* ("postage, copying, and telephone fees")—to allow such minimal damages to sustain a claim would impermissibly read the "ascertainable loss" requirement out of the statute. Therefore, the MCPA claim was properly dismissed.

Next, the district court did not abuse its discretion when it denied Bertelsen's motion for reconsideration because the consent order from the Consumer Financial Protection Bureau is not legally relevant. *See* Mont. Code Ann. § 30-14-104(1) ("[I]n construing 30-14-103 due consideration and weight shall be given to the

---

[1] Without "ascertainable loss" caused by Citi's alleged conduct, we need not reach Bertelsen's argument that Citi's conduct is "deceptive" under a separate test not recognized by Montana courts.

interpretations of the federal trade commission and the federal courts relating to section 5(a)(1) of the Federal Trade Commission Act.").

Additionally, the district court did not err in granting summary judgment on the constructive fraud claim because Citi did not gain an advantage over Bertelsen as the result of any of its conduct. *See* Mont. Code Ann. § 28-2-406 (West 2017) (providing that the defendant gaining an advantage over the plaintiff is a necessary element of a constructive fraud claim); *see also Grizzly Sec. Armored Express, Inc. v. Bancard Services, Inc.*, 384 P.3d 68, 79–80 (Mont. 2016) (same).

Finally, the district court did not abuse its discretion when it awarded Citi approximately fifteen percent of its requested attorneys' fees—the loan documents permitted attorneys' fees here.

**AFFIRMED.**